# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MEGAN NICOLE JOHNSON

    Plaintiff,

vs.

DELTA AIR LINES, INC.

    Defendant.

Case No.: 2:20-cv-10847

Hon. Gershwin A. Drain

Mag. Elizabeth A. Stafford

_____/

MARK KELLEY SCHWARTZ (P48058)
Driggers, Schultz & Herbst
Attorneys for Plaintiff
3331 W. Big Beaver Road, Suite 101
Troy, MI 48084
(248) 649-6000/(248) 649-6442 [fax]
mschwartz@driggersschultz.com

MARK SHREVE (P29149)
Garan Lucow Miller, P.C.
Attorney for Defendant Delta Air Lines
1111 W. Long Lake Rd.,
Ste. 300
Troy, MI 48098-6333
(248)641-7600/(248)641-0222 [fax]
mshreve@garanlucow.com

_____/

## JOINT PROPOSED DISCOVERY PLAN
## PURSUANT TO FRCP RULE 26(f)

NOW COMES the Plaintiff, MEGAN NICOLE JOHNSON, by and through her attorneys, DRIGGERS, SCHULTZ & HERBST and the Defendant, DELTA AIRLINES, INC., by and through its attorneys, Garan Lucow Miller, P.C., and pursuant to Federal Rules of Civil Procedure, Rule 26(f) present their Joint Proposed Discovery Plan based upon their discussion of September 15, 2020:

A.  **Background of Claim:**

1.  **Plaintiff's Summary of Claim:**

Plaintiff's Complaint, filed in April, 2020 is a single-count cause of action for personal injuries arising under the Montreal Convention, a Multilateral Treaty, more formally known as the Convention for the Unification of Certain Rules Relating to International Carriage by Air, opened for signature on May 18, 1999. A copy of the Montreal Convention is attached as Exhibit A to the Complaint. [ECF 1, PageID 10-20]

On September 19, 2019, Megan Johnson was traveling as a participant in a church mission to South Africa, from her home in Spring Hill, Tennessee. While at the boarding gate for her connecting flight at Detroit Metropolitan Airport, Ms. Johnson was tripped by a loose carpet square, resulting in a tibial plateau fracture to her right leg. The condition of the carpet square was documented and photographed contemporaneously by the Airport Police Department.

Ms. Johnson flew back to Nashville and underwent an open surgical reduction to repair the medial tibial fracture utilizing permanent internal fixative hardware. Ms. Johnson is twenty-eight years old.

Because this case involves international carriage between two signatory countries, Plaintiff's action is brought pursuant to the Montreal Convention. As a general matter the Montreal Convention provides that in the event of an Accident (defined in Article 17), the carrier is unable to limit or exclude a passenger's damages below 128,821 Special Drawing Rights ("SDRs") (approximately $181,557 USD) and that for damages exceeding that amount, the carrier has the burden of proving that the damages were not due to: 1) the negligence or wrongful act or omission of the airline, its servants or agents, or 2) that they were due solely to the negligence or other wrongful act or omission of a third-party. Montreal, Article 21. Exoneration (pure comparative negligence) if proven, is permitted.

2. <u>Defendant's Summary of Defenses</u>:

The Plaintiff in this case allegedly tripped on a loose square of carpet in the boarding area of gate A24 in the McNamara Terminal at Detroit Metropolitan Airport. It is Defendant's position that the condition of the carpet was open and obvious to the Plaintiff. While the Plaintiff will argue that the open and obvious defense is subject to proof by the Delta Air Lines under the Montreal Convention, Defendant contends that the duty issue is not a burden of proof shifting element. If the situation could have been observed by a reasonable prudent person there is no legal duty owed. Moreover, it will be the position of the Defendant that the Plaintiff was not in the process of "embarking" onto or "disembarking" from the Delta Air Lines aircraft when the alleged incident occurred and therefore the terms and conditions of the Montreal Convention of 1999 do not apply in this case as Plaintiff at the time of this incident was not in the process of embarking or disembarking an aircraft, which is Plaintiff's burden of proof. Defendant also contends that it did not have any notice of the condition of the loose carpet square on which the Plaintiff allegedly fell, which was not discovered upon reasonable inspection.

B. <u>Jurisdiction</u>

<u>Plaintiff</u>

The court is vested with jurisdiction by reason of 28 U.S.C. § 1331, in that this matter arises under the Montreal Convention, a Multilateral Treaty.

<u>Defendant</u>

The basis of this Court's jurisdiction is diversity of citizenship pursuant to 28 USC §1332, and meeting amount in controversy minimums.

C. <u>The following pending civil cases arise from the same facts and circumstances presented in the instant case</u>: None

D. <u>Magistrate Judge</u>

<u>Plaintiff</u>:

The Plaintiff agrees to have a US Magistrate Judge conduct any required discovery related proceedings in this case, with the exception of dispositive motions, trial and ordering the entry of final judgment.

<u>Defendant</u>:

The Defendant does not agree to have a US Magistrate Judge conduct any required proceedings in this case.

E. <u>Proposed Amendments to the Pleadings</u>

1. <u>Plaintiff</u>: Plaintiff has no anticipated amendments at this time.

2. <u>Defendant</u>: Defendant will amend its Answer, if necessary, on or before November 1, 2020, or after any amended Complaint is filed by the Plaintiff.

F. <u>Settlement, including Alternative Dispute Resolution</u>:

1. <u>Plaintiff</u>

Settlement has not been broached between counsel. Consistent with the Court's Practice Guidelines the parties will jointly identify an acceptable facilitator on or before October 16, 2020 and participate in a facilitation to be held on or before February 16, 2021. While Plaintiff does not agree to Case Evaluation pursuant to the Michigan Court Rules, she remains open to settlement discussions.

2. <u>Defendant</u>

Defendant does not agree to Case Evaluation pursuant to the Michigan Court Rules, although it will agree to Case Mediation pursuant to a mutually agreed upon case mediator. The Defendant is always open to settlement negotiations conducted in good faith.

G. <u>Progress of Discovery</u>

1. <u>Plaintiff</u>

Plaintiff will serve written discovery shortly following the Court's Scheduling conference.

2. <u>Defendant</u>

That Defendant anticipates the filing of a Motion for Qualified Protective Order and Authorization Pursuant to the Health Insurance Portability and Accountability Act so that they may be provided with the authority to obtain Plaintiff Megan Nicole Johnson's medical records.

On September 8, 2020, Defendant served on Plaintiff, its First Interrogatories, Request for Production of Documents and Notice of Discovery of Medical Information concerning the Plaintiff.

It is anticipated that the depositions of the Plaintiff Johnson and representatives of the Plaintiff's medical providers will be taken. Defendant will also take the depositions of Plaintiff's claimed treating physicians. Depositions will be scheduled after initial discovery responses have been submitted and relevant medical records have been received and reviewed. Defendant also anticipates scheduling Plaintiff for independent medical evaluations.

H. <u>Electronic Discovery</u>

The parties do not anticipate any issues with electronic discovery or protective orders at this time but will raise any issues in accordance with the Federal Rules should they arise. The parties

agree to follow the Eastern District's Model ESI Order for the discovery of any electronically stored information.

I. <u>Issues which may be appropriately resolved by motion</u>

<u>Plaintiff</u>: Plaintiff anticipates filing her motion for partial summary judgment at or near the close of discovery.

<u>Defendant</u>: Defendant may file a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 on the basis of:

- The applicability of the terms and conditions of the Montreal Convention
- No liability as the Plaintiff failed to make proper observations of an open and obvious condition
- No liability as Defendant had no notice of the condition alleged by the Plaintiff to have caused her trip and fall.
- Motion for Qualified Protective Order and Authorization Pursuant to the Health Insurance Portability and Accountability Act

J. <u>Conduct of Trial</u>

The parties agree that this case is to be tried before a jury.

K. <u>Estimated Trial Length</u>

Based on what is known at this time, we estimate that at trial we may require approximately a) 24 to 35 in court hours for the presentation of Plaintiffs' case, and b) 35 in court hours for the presentation of Defendants' case.

L. <u>Insurance</u> – Defendant is insured subject to an SIR.

M. **The Plaintiff submits the following proposed Discovery Plan:**

1. 26(a) Pretrial Discovery Disclosures: Parties jointly purpose to exchange their initial disclosures pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(1) on or before September 28, 2020.

2. All fact discovery shall be completed by March 16, 2021, unless the completion date is extended by stipulation as to the Parties and with the Court's approval.

3. The Parties will exchange preliminary lay and/or factual witness lists regarding all lay and/or factual witness known by the Parties by October 15, 2020.

4. Plaintiff's Proposal:

Because Article 21.2 of the Montreal Convention makes it the Defendant's burden of proof to disclaim damages under the second tier of (unlimited) damages, Plaintiff proposes the following approach as to liability and damage expert witness disclosures:

A. Liability Experts:

i) Defendant shall list all liability expert witnesses it intends to call in this action by November 1, 2020;
ii) Plaintiff shall list all liability expert witnesses it intends to call in this action by December 1, 2020;
iii) Defendant shall provide liability expert reports and disclosures pursuant to FRCP 26(a)(2)(B) and 26(a)(2)(C) on or before January 15, 2021, and thereafter Plaintiff may take the depositions of Defendant's experts pursuant to FRCP 26(b)(4)(A) within 30 days thereafter.
iv) Plaintiff shall provide liability expert reports pursuant to FRCP 26(a)(2)(B) and 26(a)(2)(C) on or before by February 15, 2021, and thereafter Defendant may take the depositions of Plaintiff's experts pursuant to FRCP 26(b)(4)(A) within 30 days thereafter.

B. Damage Experts

i) Plaintiff shall list all damages expert witnesses it intends to call in this action by November 1, 2020;
ii) Defendant shall list all damages expert witnesses it intends to call in this action by December 1, 2020;

  iii) Plaintiff shall provide damages expert reports and disclosures pursuant to FRCP 26(a)(2)(B) and 26(a)(2)(C) on or before January 15, 2021, and thereafter Defendant may take the depositions of Plaintiff's experts pursuant to FRCP 26(b)(4)(A) within 30 days thereafter.

  iv) Defendant shall provide liability expert reports pursuant to FRCP 26(a)(2)(B) and 26(a)(2)(C) on or before by February 15, 2021, and thereafter Plaintiff may take the depositions of Defendant's experts pursuant to FRCP 26(b)(4)(A) within 30 days thereafter.

### The Defendant submits the following proposed Discovery Plan:

1. 26(a) Pretrial Discovery Disclosures: Parties jointly purpose to exchange their initial disclosures pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(1) on or before **November 4, 2020**.

2. All fact discovery shall be completed by **March 19, 2021** unless the completion date is extended by stipulation as to the Parties and with the Court's approval.

3. The Parties will exchange preliminary lay and/or factual witness lists regarding all lay and/or factual witness known by the Parties by. **January 29, 2021**

4. Expert Witnesses - The Parties agree that the following approach as to expert witness disclosure:

  a. Plaintiffs shall list all expert witnesses Plaintiffs intend to call in this action by **February 26, 2021.**

  b. Defendants shall list all expert witnesses Defendants intend to call in this action by **March 29, 2021**.

  c. Plaintiff shall provide original expert reports and disclosures pursuant to FRCP 26(a)(2)(B) and 26(a)(2)(C) on or before **March 29, 2021**, and thereafter Defendants may take the depositions of Plaintiff's experts pursuant to FRCP 26(b)(4)(A) within 30 days thereafter.

    d.    Defendants shall provide original expert reports pursuant FRCP 26(a)(2)(B) and 26(a)(2)(C) on or before by **April 30, 2021**, and thereafter Plaintiff may take the depositions of Defendants' experts pursuant to FRCP 26(b)(4)(A) within 30 days thereafter

    e.    Expert discovery cut off by **May 28, 2021.**

    f.    Expert witness deposition scheduling may be modified by stipulation of parties.

    g.    Dispositive Motions and Motions in Limine

        1.    Dispositive Motions should be filed by **June 18, 2021.**

        2.    Motions in Limine shall be filed within 30 days before the trial date.

    h.    Final Pre-Trial order due: **10 days before Final Pre-Trial Conference.**

    i.    Final Pre-Trial Conference: _____
                                                  To be set by the Court

    h.    Trial Date: _____
                              To be set by the Court

s/ Mark Kelley Scwhartz          s/Mark Shreve
Mark Kelley Schwartz (P48058)    MARK SHREVE (P29149)
Attorney for Plaintiff               Attorney for Defendants

#3902532